UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Civil Action No. 8:20-cv-01824

SARAH PAIGE,

    Plaintiff,

v.

HUNTER WARFIELD INC.,

    Defendant.
_____/

## COMPLAINT

NOW COMES Plaintiff, SARAH PAIGE, through undersigned counsel, complaining of Defendant, HUNTER WARFIELD INC., as follows:

### NATURE OF THE ACTION

1. This is an action seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. SARAH PAIGE ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Lincoln, Nebraska.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. HUNTER WARFIELD INC. ("Defendant") is a limited liability company organized and existing under the laws of Maryland.

8. Defendant has its principal place of business at 4620 Woodland Corporate Boulevard, Tampa, Florida 33614.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant' business is the collection of debt.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8603.

13. At all times relevant, Plaintiff's number ending in 8603 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. Plaintiff entered into a lease for a rental home with Bushwood Properties, LLC ("Bushwood, LLC") in Lincoln, Nebraska.

16. However, on March 25, 2019, Plaintiff moved to escape an abusive relationship.

17. When Plaintiff left, Plaintiff owed $6,411.16 to Bushwood, LLC.

18. Plaintiff's $6,411.16 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Plaintiff's $6,411.16 balance, once unpaid, was referred for collection.

20. Soon, Defendant located Plaintiff, who was living in an abused women's shelter.

21. Plaintiff started to receive phone calls from Defendant seeking to collect on Plaintiff's $6,411.16 balance.

22. Each time Plaintiff answered Defendant's phone calls, Plaintiff was met by an approximate three-second pause prior to being connected to an agent.

23. Unable to pay the $6,411.16 balance, Plaintiff offered monthly payments of $500.00; however, Plaintiff's overtures have been rebuffed.

24. Unable to resolve this balance, Plaintiff pled with Defendant to stop calling – to no avail.

25. On multiple occasions, Plaintiff told Defendant:

*Stop calling!*

*Stop, stop, stop!*

*I'm scared!*

26. Despite Plaintiff's requests, Plaintiff continues to receive collection calls from Defendant.

27. In total, Defendant placed no less than 100 harassing collection calls to Plaintiff after Plaintiff requested that these phone calls stop.

28. Upon information and belief, Defendant places these calls to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") – technology commonly used by debt collectors to place collection calls.

## DAMAGES

29. Defendant's constant harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

30. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

31. Concerned with having had her rights violated, Plaintiff was forced to retain counsel to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

32. Paragraphs 12 through 31 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

30. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

   (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

31. Defendant violated 15 U.S.C. § 1692d(5) by repeatedly or continuously calling Plaintiff after being asked to cease.

32. Defendant's behavior of systematically calling Plaintiff in an attempt to collect on Plaintiff's $1,046.00 balance was abusive and harassing.

33. Defendant's collection calls to Plaintiff were made with specific intent of abusing, annoying, and harassing Plaintiff.

34. That Defendant knowingly continued to place calls to Plaintiff after being asked to cease is illustrative of Defendant's intent to harass Plaintiff.

35. Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. § 1692d(5);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

36. Paragraphs 12 through 31 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

37. Defendant placed or caused to be placed no less than 100 non-emergency calls, including but not limited to the aforementioned collection calls to Plaintiff's cellular telephone utilizing an ATDS or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

38. Upon information and belief, based on the three-second pause Plaintiff noticed each time Plaintiff answered, Defendant employed an ATDS to place calls to Plaintiff.

39. Upon information and belief, the ATDS employed by Defendant transfers calls to an agent once a human voice is detected, hence the pause.

40. Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

41. As plead above, Plaintiff revoked consent to be called on her cellular telephone.

42. As plead above, Plaintiff was severely harmed by Defendant's collection calls to her cellular telephone.

43. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular telephones.

44. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

45. Upon information and belief, Defendant knew that its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

46. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

47. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 6, 2020       Respectfully submitted,

                 **SARAH PAIGE**

                 By: *Alexander J. Taylor*

                 Alexander J. Taylor, Esq.
                 Florida Bar No. 1013947
                 SULAIMAN LAW GROUP, LTD.
                 2500 South Highland Avenue
                 Suite 200
                 Lombard, Illinois 60148
                 +1 630-575-8181
                 ataylor@sulaimanlaw.com